UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN ORLANDO NIEMANN AGUIRRE,

Petitioner,

v. Case No.: 2:26-cv-02510-SPC-NPM

DAVID HARDIN *et al*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Juan Orlando Niemann Aguirre's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 10).

Niemann Aguirre is a 73-year-old native of Chile who moved to Venezuela at a very young age. On September 2, 2017, he lawfully entered the United States with a B-2 visa authorizing him to remain through March 1, 2018. Prior to that time, on September 25, 2017, Niemann Aguirre applied for asylum, and the application remains pending. He had temporary protected status (TPS) under Venezuela's TPS designation from August 22, 2022, to March 10, 2024. On August 9, 2026, roving Immigration and Customs Enforcement (ICE) officers arrested Niemann Aguirre during a traffic stop.

At a custody redetermination hearing on August 24, 2026, Immigration Judge Frank Pimentel denied bond with this order: "Flight risk. Prospect of

relief is remote; Resp is a native of Chile." (Doc. 10-1 at 4). While Niemann Aguirre was indeed born in Chile, the government's own records indicate he is a citizen of Venezuela.

Niemann Aguirre claims his detention violates the Fifth Amendment because Judge Pimentel's bond denial was explicitly based on his place of birth, rather than his materially more complex nationality and history. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. § 1226(e) does not apply here because Niemann Aguirre does not ask the Court to review a discretionary bond decision or reweigh evidence. Rather, the petition states a bona fide due process claim. The government's response contains no due process analysis.

Because Niemann Aguirre's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the

Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

It is not clear why Judge Pimentel found Niemann Aguirre's birthplace dispositive. The government makes no attempt to explain, and the Court will not speculate. But it is undisputed that Niemann Aguirre is a citizen of Venezuela, he has essentially lived his life in Venezuela, and the government has treated him as a Venezuelan national since admitting him in 2017. Because the government's explanation for Niemann Aguirre's continued detention ignores an important aspect of the issue—his Venezuelan citizenship—the decision is arbitrary.

In sum, Niemann Aguirre made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no evidence to justify detention.

Accordingly, it is hereby

**ORDERED**:

Juan Orlando Niemann Aguirre's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Niemann Aguirre and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record